IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| William Nixon, #85198-020,<br><br>       Petitioner,<br><br>vs.<br><br>Matthew B. Hamidullah,<br><br>       Defendant. | Civil Action No. 8:04-cv-23153-GRA-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

  The petitioner, William Nixon, a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241. The respondents have filed a motion to dismiss or, in the alternative, for summary judgment.

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

## STATEMENT OF THE FACTS

  The petitioner in this action was sentenced on May 19, 1994, to a total term of two hundred twenty-eight (228) months incarceration in the United States District Court for the Middle District of Georgia, for the offense of Possession of a Firearm by a Convicted Felon (18 U.S.C. §§ 922(g)(1) & 924(e)). The petitioner is currently incarcerated at the Federal Correctional Institution (FCI) Estill, South Carolina, and has a projected completion date of November 15, 2017, via Good Conduct Time (GCT) Release.

  On April 17, 1993, the petitioner was arrested in Tucson, Arizona, for Theft by Conversion, Theft by Receiving, and Burglary, all of which were committed on April 17, 1993, in Houston County, Georgia. (Mem. Supp. Summ. J. Ex. 2, 3.) Subsequent to this arrest, the petitioner remained in the continuous custody of the State of Georgia.

On September 2, 1993, the petitioner was sentenced in the Superior Court of Houston County to ten (10) years incarceration for Theft by Conversion and Burglary, and twelve (12) months incarceration for Theft by Receiving, all terms to run concurrently. (Mem. Supp. Summ. J. Ex. 3.) On September 16, 1993, the petitioner was sentenced to ten (10) years incarceration in the Superior Court of Bleckley County, Georgia, for two counts of Burglary. This sentence was ordered to run concurrently with the sentence previously imposed in Houston County. (Mem. Supp. Summ. J. Ex. 4.)

The petitioner was never arrested by federal authorities; however, while serving the two Georgia sentences the petitioner was charged with the federal offense of Possession of a Firearm by a Convicted Felon (18 U.S.C. §§ 922(g)(1) & 924(e)). (Mem. Supp. Summ. J. Ex. 2.) On May 24, 1994, via a writ of habeas corpus *ad prosequendum*, the petitioner appeared in the United States District Court for the Middle District of Georgia and was sentenced to two hundred twenty-eight (228) months incarceration for the federal offense. (Mem. Supp. Summ. J. Ex. 5.)   The Honorable Duross Fitzpatrick, United States District Judge, indicated the 228 month federal sentence was to run concurrently with the Bleckley County term of incarceration (93R-0105), but consecutively to the Houston County term of incarceration (93-C-19161-N, 93-C-19162- N, 93-C-19163-N). *Id*.

Subsequent to the federal sentencing, the petitioner was returned to the Georgia Department of Corrections to complete serving the Houston and Bleckley County sentences.  The petitioner remained in the Georgia Department of Corrections until April 3, 2001, at which time he was paroled from the Houston and Bleckley County sentences. (Mem. Supp. Summ. J. Ex. 6.)  On the same day (April 3, 2001), the petitioner was transferred to a BOP facility to begin service of the 228 month federal sentence.  Upon his arrival, the BOP computed the petitioner's federal sentence as commencing on April 3, 2001. He was not awarded any prior custody credit, he could earn eight hundred ninety-four

2

(894) days Good Conduct Time, and his projected release date was October 21, 2017. (Mem. Supp. Summ. J. Ex. 7.)

The petitioner contends that his federal sentence computation fails to reflect the one hundred eight (108) months he served in the State of Georgia and he should only have to serve one hundred thirty-two (132) months on his federal sentence. As relief, the petitioner requests the Court to order the Bureau of Prisons to credit his federal sentence with 108 months concurrent service and reduce his 240 month sentence by 108 months for the time served in the State of Georgia.

## LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

## SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## LAW AND ANALYSIS

### I.   EXHAUSTION OF REMEDIES

The respondent first contends that the petitioner's claims should be dismissed for failure to exhaust his administrative remedies. The petitioner responds that he was told by the respondents in writing that he had already exhausted his administrative remedies and that his only recourse was to the federal court. The petitioner has submitted a document in support. (Pl.'s Reply Ex. E.) Although the authenticity of the document cannot be verified, the respondents have not contested its consideration. Moreover the exhaustion requirement is not jurisdictional, *Strickland v. Washington*, 466 U.S. 668, 684 (1984) (noting that "the exhaustion rule requiring dismissal . . . is not jurisdictional"), and the Court declines to bar the petition on exhaustion grounds because there is uncontested evidence that he has satisfied that requirement.

### II.   CREDIT FOR STATE SENTENCE ON A RELATED CHARGE

The petitioner contends that 18 U.S.C. §3585(b) entitles him to credit against his federal sentence for time served on a "related" *state* offense. The petitioner misapprehends the purpose of Section 3585. That section reads as follows:

> Credit for prior custody - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences– (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). Section 3585(b) provides that the time a prisoner spends in presentence custody on his federal offense shall be credited toward any federal sentence that is subsequently imposed. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir.1991).

It does not, as the petitioner contends, require a credit against his federal sentence for his state sentence where the acts upon which his state and federal prosecutions are simply related. *See id.* "'[T]here is no statutory provision that accords a prisoner credit against a federal sentence for time served in a state prison on a state charge.'" *Id. (*quoting *Raines v. United States Parole Comm'n*, 829 F.2d 840, 843 (9th Cir.1987). In fact, it is not considered double jeopardy to serve a federal and state sentence for the same criminal conduct. *See Heath v. Alabama*, 474 U.S. 82, 88 (1985) (holding that dual punishment by separate sovereigns does not mean an offender " has been twice punished for the same offense; but only that by one act, he has committed two offenses, for each of which he is justly punished").

To be sure, there are some instances where time in state custody may be credited against a federal offense. For example, "if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one." *Shaw v. Smith*, 680 F.2d 1104, 1106 (5th Cir.1982) (quoting Ballard v. Blackwell, 449 F.2d 868, 869 (5th Cir.1971). Thus, if a "federal detainer were lodged against a prisoner about to be released from state custody, any days that the state held him beyond what would otherwise have been his release date, to await the arrival of the federal marshal, would be time served 'in connection with' his federal

offense." *See U.S. v. Winter* 730 F.2d 825, (1st Cir. 1984).  No such circumstances have been presented to the Court in this case.

Therefore, the plaintiff is not entitled to credit for time spent in state custody, notwithstanding the relatedness of the charges.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

IT IS SO RECOMMENDED.

*Bruce H. Hendricks*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

February 3, 2006
Greenville, South Carolina