UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| William Nixon, #85198-020,<br><br>     Petitioner,<br><br> v.<br><br>Matthew B. Hamidullah, Warden, FCI-Estill,,<br><br>     Respondent. | C/A No. 8:04-cv-23153-GRA-BHH<br><br>ORDER |

  This matter is before this Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed February 3, 2006. Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. On March 25, 2005 the Respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment. Petitioner was advised, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The Petitioner filed his response on April 7, 2005. The magistrate treated the motion to dismiss as one for summary judgment and recommends granting the Respondent's summary judgment motion and dismissing the petition.

  Petitioner is a federal prisoner currently incarcerated at the Estill Federal

1

Correctional Institution (FCI-Estill) in Estill, South Carolina.  Petitioner is proceeding *pro se.*  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed an objection to the magistrate's Report and Recommendation on February 27, 2006.

Petitioner's sole objection states that the magistrate erred in finding that the Petitioner "misapprehends" the language of 18 U.S.C. § 3585(b) and directed this Court's attention the November 2002 revision of U.S.S.G. § 5G1.3 and the newly created 2004 version of U.S.S.G. § 5K2.23. The Petitioner's reliance on these revisions do nothing to help or advance his argument that 18 U.S.C. § 3585(b) entitles him to credit against his federal sentence for time served on a related state offense.

As the magistrate noted, "18 U.S.C. § 3585(b) reads as follows:

> Credit for prior custody - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences– (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). Section 3585(b) provides that the time a prisoner spends in presentence custody on his federal offense shall be credited toward any federal

3

sentence that is subsequently imposed. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir.1991). It does not, as the petitioner contends, require a credit against his federal sentence for his state sentence where the acts upon which his state and federal prosecutions are simply related. *See id.* "'[T]here is no statutory provision that accords a prisoner credit against a federal sentence for time served in a state prison on a state charge.'" *Id. (*quoting *Raines v. United States Parole Comm'n*, 829 F.2d 840, 843 (9th Cir.1987). (magistrate's Report and Recommendation at 5).

Further, the Respondent stated in his motion for summary judgment:

"The Court sentenced Mr. Nixon utilizing United States Sentencing Guideline § 5G1.3(b) in regard to the Bleckley County sentence. *Exhibit 5, J&C; and Exhibit 10, Portion of Sentencing Transcript*. The Court also utilized § 5G1.3, Application Note 2, which states:
> When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.

It is reasonable to believe the Court contemplated Mr. Nixon would not receive any credit toward the federal term by the Bureau of Prisons (BOP) due to the fact the Court indicated the federal sentence was to run consecutive to the Houston County sentence. Thus, during sentencing, the Court indicated it was sentencing Mr. Nixon to a term of 240 months imprisonment and crediting him with the **12 months he had spent in custody for the Bleckley County sentence**, and thus officially imposing a sentence of 228 months imprisonment. *Exhibits 5 & 10 [emphasis added].*

Given that he considered the Bleckley conduct in imposing the federal term, the sentencing Judge felt obligated by the United States Sentencing Guidelines to impose the federal term concurrent to that

4

>part of the state term. However, he was adamant in his intention to impose the federal term consecutive to the Houston County term in an effort to achieve a "reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). Here Application Note 5 is instructive:
>
>>Occasionally, the court may be faced with a complex case in which a defendant may be subject to multiple undischarged terms of imprisonment that seemingly call for the application of different rules. In such a case, the court may exercise its discretion in accordance with subsection (c) to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense.
>
>USSG § 5G1.3, Application Note 5.
>     Thus, it was the sentencing Judge's specific intent that the federal sentence run consecutively to the Houston County sentence. Because the Court contemplated the complex nature of its sentencing structure it granted Mr. Nixon 12 months credit for the concurrent portion of the sentence and intended for Mr. Nixon to serve the remaining 228 months consecutively to the State of Georgia sentences. *Exhibit 10*. The BOP believes it has computed Mr. Nixon's sentence within the manner the Sentencing Court intended. In addition to the information provided by the United States Attorney's Office discussed above, on October 8, 2004, the Sentencing Court addressed a subsequent motion by Mr. Nixon in which he requested the Court to grant him jail credit for the entire time he spent serving the State of Georgia sentences. *(Exhibit 11, Order dated October 8, 2004.)* In this Order the Court indicated Mr. Nixon's reconsideration for jail credit was denied. *Id.*"

(Rep. mot. sum. judg. at 10-11). This Court finds no error in Petitioner's sentence and he is not entitled to credit for time spent in state custody. Therefore, Petitioner's objection is without merit.

After a *de novo* review of the record and review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.

5

Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the Respondent's summary judgment motion is GRANTED and this action is DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

March 1, 2006

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.